## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **TOWONA SCOTT,** | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. RWT 13-3471 |
| | * | |
| | * | |
| **SYLVIA M. BURWELL,** *Secretary,* | * | |
| *United States Department of Health and* | * | |
| *Human Services* | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff Towona Scott is a former Program Assistant for the Department of Health and Human Services ("DHS"). Plaintiff claims that DHS discriminated against her on the basis of sex, age, and race, in violation Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* *See* ECF No. 1.[1]   She also appears to allege that DHS took retaliatory actions against her for protected activity.

## BACKGROUND[2]

Plaintiff was a Program Assistant in the Office of the Deputy Chief, Ambulatory Care Services, Nursing and Patient Care Services, Clinical Center, National Institutes of Health, DHS. *See* ECF No. 1 at 10. Her job responsibilities included scheduling patient appointments, supplying information to family members, stocking copiers with paper, and filing medical

---

[1] This is Plaintiff's second case before this Court arising from her employment at DHS. *See Scott v. Sebelius,* 11-cv-2865-RWT. That case was disposed of on Defendant's Motion for Summary Judgment.

[2] Plaintiff's Complaint does not contain an explicit statement of facts. Rather, the Complaint merely highlights the portions of the Equal Employment Opportunity Commission's decision in her case and states that she disagrees with it. ECF No. 1. To the extent necessary, this Opinion will draw background facts from the EEOC decision. If a particular fact in that decision is disputed by Plaintiff, the Court will so note.

information.  *See id.* at 11.  Plaintiff alleges seven adverse employment actions were taken as a result of discrimination, and as reprisal for prior Equal Employment Opportunity ("EEO") activity, by her supervisor Lavitra Barno ("Barno").  She alleges Barno failed to assign her to a permanent workstation, instead requiring her to work on several floors a day.  *Id.*  She alleges Barno denied her access to the conference room, copy room, and medication room, even though younger contractors had access to those rooms.  *Id.*  She alleges Barno gave her a "Minimally Successful" performance evaluation.  *Id.*  She alleges Barno denied her requested modified work schedule, even though other employees were allowed to have the work schedule she requested. *Id.* at 11.  She alleges Barno classified her as "absent without leave" when she had to take time off to deal with her husband's medical emergency.  *Id.*  She alleges Barno issued her a "Special Leave Procedures" memorandum instituting heightened attendance and reporting checks. *Id.* at 3. Finally, she alleges Barno suspended her for three days.  *Id.* at 12.  Generally, Defendant does not deny taking these actions, but insists each was taken for a legitimate, nondiscriminatory reason.

Plaintiff filed an EEO complaint with DHS concerning these actions on August 1, 2008, and DHS provided Plaintiff with a report of investigation.  *Id.* at 10-11.  Plaintiff requested a hearing with an administrative judge ("AJ") of the Equal Employment Opportunity Commission ("EEOC").  The AJ granted DHS summary judgment on July 15, 2011.  *Id.* at 11.  She appealed the AJ's decision to the EEOC on September 2, 2011.  *Id.*  The EEOC affirmed the AJ on March 14, 2013.  *Id.*  Plaintiff filed her Complaint in this case on July 9, 2013 in the United States Court for the District of Columbia.  *Id.* at 1.  On Defendant's motion, ECF No. 10, the case was transferred to this Court on October 22, 2013.  ECF No. 11.  Defendant filed the Motion for Summary Judgment on January 3, 2014.  ECF No. 14.  That same day, the Court sent

Plaintiff a letter explaining that she needed to respond substantively to Defendant's Motion with substantive arguments and, if necessary, affidavits and exhibits demonstrating the existence of a dispute of material fact, or she risked losing her case on summary judgment.   ECF No. 15. Plaintiff moved for an extension of time to file a reply, ECF No. 16, which the Court granted on January 15, 2014, giving Plaintiff a deadline of February 28, 2014.   ECF No. 17.   Plaintiff has since made no filings in this case.

## STANDARD OF REVIEW

### I.      Summary Judgment

Summary judgment is proper if there are no issues of material fact and the moving party is entitled to judgment as a matter of law.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006).   A material fact is one that "might affect the outcome of the suit under the governing law."   *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).   A dispute of material fact is only "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248-49.   However, the non-moving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986).   "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"   *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).

The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v. Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex*, 477 U.S. at 323-24). When ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (emphasis added). However, "if the evidence is merely colorable or not significantly probative, it may not be adequate to oppose entry of summary judgment." *Thompson Everett, Inc., v. Nat'l Cable Adv.*, 57 F.3d 1312, 1323 (4th Cir. 1995).

## II.   Application of the McDonnell Douglas Standard

A review of the facts and allegations in this case shows that Plaintiff has not put forth any direct evidence of discrimination. Accordingly, in evaluating the law and material facts on the record, this Court will apply the *McDonnell Douglas* burden shifting standard. In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Supreme Court established a burden-shifting framework for evaluating claims of employment discrimination and retaliation under Title VII.[3] Under this framework, Plaintiff has the initial burden of establishing a *prima facie* case by a preponderance of the evidence. *McDonnell Douglas*, 411 U.S. at 802; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997), *overruled on other grounds by Baird v. Rose*, 192 F.3d. 462 (4th Cir. 1999). If Plaintiff establishes a *prima facie* case, the burden of production shifts to DHS to articulate legitimate, nondiscriminatory reasons for its actions. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). Plaintiff must then prove by a preponderance of evidence that the legitimate reasons offered by her employer are but a

---

[3] Claims of discrimination under the ADEA, and claims of retaliation, can be analyzed using the *McDonnell Douglas* burden shifting framework of Title VII.   *See Warch v. Ohio Casualty Ins. Co.*, 435 F.3d 510, 513-514 (4th Cir. 2006); *Laughlin v. Metropolitan Washington Airports Authority*, 149 F.3d 253, 259 (4th Cir. 1998).

pretext for discrimination, thus creating an inference that DHS did act with discriminatory intent. *Id.* at 143.  If Plaintiff cannot produce evidence demonstrating the falsity of her employer's proffered reasons, DHS is entitled to summary judgment as a matter of law.  *Id.* at 148.

## ANALYSIS

### I.      Plaintiff's *Prima Facie* Case

Plaintiff has the initial burden of making out a *prima facie* case of prohibited conduct. *See Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 959.  Plaintiff has essentially alleged unequal discipline and unequal conditions of employment.  To make out her *prima facie* case of discrimination, Plaintiff must show that she is a member of a protected class, that she suffered adverse employment action, and that other similarly situated employees outside of her protected class did not suffer similar adverse employment actions.  *See Bodoy v. North Arundel Hosp.*, 945 F. Supp. 890 (D. Md. 1996).  To make out her *prima facie* case of retaliation, Plaintiff must show that she engaged in protected activity, that an adverse employment action was taken against her, and that there was a causal connection between the protected activity and the adverse employment action.  *Laughlin v. Metropolitan Washington Airports Authority*, 149 F.3d 253, 258 (4th Cir. 1998).

Establishing the *prima facie* case is usually "relatively easy."  *Young v. Lehman*, 748 F.2d 194, 197 (4th Cir. 1984).  However, Plaintiff has not even met this light burden here. She has produced no evidence whatsoever in response to Defendant's Motion.  In her Complaint, she repeatedly asserts that there is evidence that the EEOC and AJ ignored in ruling against her, but she does not produce any of that evidence.  Specifically, there is no evidence that other similarly situated employees outside of Plaintiff's protected class were treated differently.

Similarly, Plaintiff has offered no evidence showing a causal connection between her protected activity and any adverse employment actions she suffered.

The only shred of evidence that has been produced by Plaintiff to support her *prima facie* case is the EEOC decision attached to her Complaint.  ECF No.1 at 11-17.  However, the facts as set out in the EEOC decision are not sufficient to make out a *prima facie* case.  Indeed, the EEOC's decision notes that the "AJ *assumed for purposes of the decision* that Complainant established a prima facie case of discrimination on all bases alleged."  ECF No. 1 at 13 (emphasis added).  Where the best evidence Plaintiff can muster to support her allegations is an unfavorable EEOC ruling with a tepid assumption of the establishment of a *prima facie* case, a reasonable jury could not find that she has met her burden, light as it may be.

## II.   DHS Had Legitimate Nondiscriminatory Reasons for its Actions, and Plaintiff has Failed to Show Pretext

Even if Plaintiff had met her burden of establishing a *prima facie* case of discrimination and retaliation, Defendant has articulated extensive nondiscriminatory and non-retaliatory reasons for the challenged conduct.  As to Barno's failure to assign Plaintiff a permanent workstation, Barno asserts that Plaintiff voluntarily assumed the position of a "floater," meaning she would not have a permanent workstation but would be assigned to departments as needed.  ECF No. 14-6 at 4.  As to Plaintiff's inability to access certain areas, Barno asserts that floaters such as Plaintiff do not typically have access to those areas.  *Id.* at 9.  As to Plaintiff's claim that she received a "Minimally Successful" performance evaluation, Barno asserts Plaintiff's rating was because of legitimate problems with Plaintiff's work performance, as noted by Plaintiff's coworkers, and that all employees with a similar performance profile receive a "Minimally Successful" rating.  *Id.* at 8-9.  As to Barno's refusal to accommodate Plaintiff's requested work schedule, Barno asserts that no employee was permitted to regularly work the hours Plaintiff

requested, because staffing was not ordinarily needed during those hours.  *Id.* at 7-8.  As to Barno's refusal to grant Plaintiff leave to deal with her husband's medical emergency, Barno asserts Plaintiff failed to provide any documentation that her husband had a medical emergency necessitating unplanned leave, as opposed to a regularly scheduled appointment for which Plaintiff could have requested leave in advance.  *Id.* at 7.  As to Barno's placement of Plaintiff on "Special Leave Procedures," Barno asserts she took this extraordinary action because of Plaintiff's extremely poor attendance record.  *Id.* at 5-6.  Finally, as to Barno's suspension of Plaintiff for three days, Barno asserts this was because Plaintiff violated clear directions not to page her or other DHS employees at inappropriate hours, and because of Plaintiff's disrespectful tone during a telephone conversation with Barno.  *Id.* at 4-5.

Once legitimate, nondiscriminatory reasons have been produced by Defendant, Plaintiff has the burden of proving by a preponderance of the evidence that these reasons are pretext for discrimination.  In short, not only has Plaintiff failed to *prove* pretext by any standard, she has failed to even offer *any* evidence whatsoever that Defendant's reasons are pretextual.

## CONCLUSION

Plaintiff has failed to produce any evidence which would allow a reasonable jury to find in her favor.  Accordingly, the Court will grant the Defendant's Motion for Summary Judgment [ECF No. 14] and enter judgment in favor of Defendants.  A separate Order follows.


Dated: September 25, 2014                               _____/s/_____

                                                        ROGER W. TITUS
                                                        UNITED STATES DISTRICT JUDGE